UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

FRANK EDWARD SCHIEFEL, JR,

        Plaintiff,

v.

GREGORY S. ZYBURT et al.,

        Defendants.
_____/

Case No. 2:25-cv-183

Honorable Ray Kent

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is a pretrial detainee[2] who is presently incarcerated at the Marquette County Jail (MCJ). The events about which he complains occurred at that facility. Plaintiff sues Sheriff Gregory S. Zyburt, Undersheriff Lowell Larson, Captain Brian Steade, and Lieutenant Jason Kangas in their official capacities. (Compl., ECF No. 1, PageID.2.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] *See* MiCOURT Case Search, https://micourt.courts.michigan.gov/case-search/court/C25/case-details?caseId=2024-0000064113-FH&tenantKey=C25-52-0631600-00-00&searchUrl=%2F court%2FC25%2Fsearch%3FlastName%3DSchiefel%26firstName%3DFrank%26middleName %3DEdward%26page%3D1 (last visited Aug. 14, 2025).

Plaintiff claims that on December 20, 2024, he wrote to the judge in his pending criminal proceeding and informed him that he wished to proceed *pro se*. (*Id.*, PageID.3.) Plaintiff states that his sister had sent him legal materials to assist him in his criminal defense, but that Deputy Rule and Sergeant Robinson (not named as defendants) denied Plaintiff access to that material. (*Id.*) Plaintiff filed a grievance, but Defendant Kangas told Plaintiff to file a motion with the court. (*Id.*) Plaintiff states that he was unable to file a motion because he did not have access to legal materials to support his motion. (*Id.*) Plaintiff alleges that Defendant Steade told Plaintiff to file a motion with the court or to request materials from the prosecutor. (*Id.*) Plaintiff asserts that requesting material from the prosecutor would give his defense away. (*Id.*) Plaintiff claims that as a result of his lack of access to legal material, Plaintiff was forced to get a public defender. (*Id.*) Plaintiff asserts that Defendants Zyburt and Larson should know that inmates have a right to proceed *pro se* and should make legal materials available to inmates. (*Id.*)

Plaintiff seeks injunctive relief in the form of legal materials, law books, case law, and state statutes for the use of inmates who seek to defend themselves. Plaintiff also seeks damages for "mental distress, anxiety and mental anguish." (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Official capacity claims against county employees

As noted above, Plaintiff sues the individual Defendants, who are all employees of Marquette County, in their official capacities. (Compl., ECF No. 1, PageID.2.)

#### 1.   Duplicative claims

The courts have recognized that, where an entity is named as a defendant, official-capacity claims against employees of the entity are redundant. *See Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (finding official-capacity suits against defendant agency's employees superfluous where the state and agency were also named as defendants); *see also Faith Baptist*

*Church v. Waterford Twp.*, 522 F. App'x 332, 327 (6th Cir. 2013) ("Having sued Waterford Township, the entity for which Bedell was an agent, the suit against Bedell in his official capacity was superfluous.") (citing *Foster*); *Petty v. Cty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that Petty's suit is against [Sheriff] Karnes in his *official* capacity, it is nothing more than a suit against Franklin County itself."), *abrogated on other grounds by Twombly,* 550 U.S. at 561-62, and *Iqbal*, 556 U.S. at 679. For similar reasons, Plaintiff's official-capacity claims against Defendants in this case are redundant of one another, because each constitutes an identical suit against Marquette County. *Foster*, 573 F. App'x at 390 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The Court therefore will allow Plaintiff's official-capacity claims only against Defendant Zyburt, as the highest ranking named official. The Court will dismiss Plaintiff's official-capacity claims against Defendants Larson, Steade, and Kangas, as redundant.

### 2. Vicarious liability

Moreover, the Court notes that official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Graham*, 473 U.S. at 165 (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, n.55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); s*ee also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165–66. Therefore, Defendant Zyburt stands in the shoes of Marquette County with regard to Plaintiff's official capacity claim against him.

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. 690–91). Instead, a municipality "can

be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). "[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire*, 330 F.3d at 815); *Claiborne Cnty.*, 103 F.3d at 508–09.

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne Cnty.*, 103 F.3d at 507. "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.*

Plaintiff does not identify a county policy that caused Plaintiff's particular injuries. As set forth above, Plaintiff alleges that non-parties Deputy Rule and Sergeant Robinson refused to give him access to legal material sent by his sister and that Defendant Kangas told him to file a motion with the court for assistance with legal materials. (Compl., ECF No. 1, PageID.3.) Plaintiff also states that Defendant Steade told him to either file a motion with the court or to request legal information from the prosecutor. (*Id.*) Plaintiff does not allege facts showing that the actions complained of were taken pursuant to any policy or custom but merely asserts that staff at the jail denied him access to necessary legal materials. Accordingly, the Court concludes that Plaintiff's allegations against Defendant Zyburt in his official capacity essentially rest on a theory of vicarious liability and therefore do not state a claim.

7

### B. Right to represent self in criminal action

Furthermore, Plaintiff's underlying claim that he was denied the right to represent himself in his criminal action lacks merit. Plaintiff alleges that because Defendants refused to provide him with access to legal research materials, he was forced to accept the assistance of an attorney, which violated his right to represent himself in his criminal proceeding. (ECF No. 1, PageID.3.) The Court notes that Plaintiff has a constitutional right to represent himself in his criminal case.

> The Supreme Court has held that a criminal defendant has a constitutionally protected right to present his own defense in addition to a constitutionally protected right to be represented by counsel. *Faretta v. California,* 422 U.S. 806, 833–34 (1975). By electing to exercise his constitutional right to present his own defense, a defendant necessarily waives his constitutional right to be represented by counsel. *United States v. Mosley,* 810 F.2d 93, 97 (6th Cir.1987) ("'The right to defend *pro se* and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other.'" (quoting *United States v. Conder,* 423 F.2d 904, 908 (6th Cir.1970))). This waiver of counsel must be knowing and voluntary. *Faretta,* 422 U.S. at 835.

*United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004).

However, a criminal defendant's right to self-represent is not an absolute right. *Martinez v. Court of App. of Cal.,* 528 U.S. 152, 161 (2000). The defendant must satisfy two conditions in order to trigger the right of self-representation: (1) the accused must waive the right to counsel "knowingly and intelligently" after being informed of "the dangers and disadvantages of self-representation" *Faretta v. California,* 422 U.S. 806, 835 (1975); and (2) the request to self-represent from the defendant must be clear and unequivocal. *Raulerson v. Wainright,* 469 U.S. 966, 969–71 (1984). Finally, the right to self-representation may be waived if the defendant

8

engages in conduct indicating that he has either abandoned his request to self-represent or is ambivalent with respect to self-representation. *Wilson v. Walker,* 204 F.3d 33, 37 (2d Cir. 2000).[3]

The right to represent oneself does not encompass the right to meaningful access to the courts. *United States v. Smith*, 907 F.2d 42, 44–45 (6th Cir. 1990). The Sixth Circuit has held that the state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves. *Id.*; *United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990). A prisoner who elects to represent himself and knowingly and intelligently waives his right to counsel under *Faretta*, 422 U.S. 806, relinquishes his access to a law library. *Smith,* 907 F.2d at 45; *see also United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998).

Plaintiff's claim in this case is not that he could not represent himself in his criminal proceeding, but that by doing so, he would not have access to the legal materials required to present an effective defense. As noted above, such a claim does not constitute a constitutional violation. Therefore, Plaintiff's self-representation claim fails on the merits.

Moreover, even if Plaintiff's self-representation claim had any merit, such a claim would be subject to dismissal pursuant to the principles enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. *Id.*, 401 U.S. at 44–45. "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Leveye v. Metro. Pub. Def.'s Off.*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir.1998)).

---

[3] Plaintiff's statement that his inability to obtain access to legal materials forced him to accept representation by a public defender (ECF No. 1, PageID.3) shows at the very least that Plaintiff is ambivalent regarding the wisdom of representing himself.

9

In *Leveye*, as in the instant case, the plaintiff alleged that he wished to defend himself in his pending criminal case, but that he had been denied sufficient resources to access the courts. *Id.* at 793. In Leveye, the Sixth Circuit concluded that the district court had properly dismissed the plaintiff's complaint as frivolous because it lacked an arguable basis in either law or fact. *Id.* at 793. The Court noted:

> All three factors that support abstention under *Younger* were present in this case. First, Leveye's criminal case was currently pending in a Tennessee state court. Second, the criminal case implicated an important state interest, as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger,* 401 U.S. at 43–45. Third, there was no evidence that the state criminal proceedings did not or could not provide an opportunity for Leveye to raise his constitutional self-representation claim. Therefore, abstention was appropriate in this case with respect to Leveye's self-representation claim.

*Id.* at 794.

The Sixth Circuit's reasoning in *Leveye* applies equally to Plaintiff's complaint in this case. Plaintiff's case continues to be pending in the 25th Circuit Court before Judge Andrew G. Griffin. *See Michigan v. Frank Schiefel*, Case ID 2024-0000064113-FH.[4] Plaintiff does not allege any reason that the state criminal proceedings could not provide an opportunity for him to raise his constitutional self-representation claim. Moreover, as noted above, state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Leveye*, 73 F. App'x at 794 (citing *Younger,* 401 U.S. at 43–45). Therefore, even if Plaintiff's claim that

---

[4]https://micourt.courts.michigan.gov/case-search/court/C25/case-details?caseId=2024-0000064113-FH&tenantKey=C25-52-0631600-00-00&searchUrl=%2Fcourt%2FC25%2Fsearch%3FlastName%3DSchiefel%26firstName%3DFrank%26middleName%3DEdward%26page%3D1 (last visited Aug. 14, 2025).

10

he was denied the ability to represent himself had merit, the principles set forth in *Younger* would warrant the dismissal of Plaintiff's self-representation claim.[5]

### C.    Right of access to the courts

Finally, Plaintiff's claim that he was denied access to the courts is entirely lacking in merit. As noted by the Sixth Circuit in *Leveye*,

> We further conclude that the district court properly dismissed Leveye's access to the courts claim. The right of access to the courts is a fundamental right protected by the constitution. *Lewis v. Casey,* 518 U.S. 343, 350; *Ward v. Dyke,* 58 F.3d 271, 275 (6th Cir.1995). The right of access guarantees access to the *courts,* not necessarily an adequate prison law library. *Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985). Moreover, "a prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts,* 702 F.2d 639, 640 (6th Cir.1983).

*Id.* at 794. Plaintiff states that he is being represented by a public defender in his criminal case. Therefore, Plaintiff's First Amendment right of access to the courts has been protected. *Holt*, 702 F.2d at 640.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does

---

[5] Where, the complaint seeks both equitable and legal relief and the Court abstains under *Younger*, dismissal without prejudice is appropriate for all claims. *See Schwab v. Wyoming Police Dep't.*, 2020 WL 3603283, at *7–8 (W.D. Mich. July 2, 2020) (noting that dismissal without prejudice is an option when both equitable and legal relief is sought but deciding to stay pending final resolution of the criminal prosecution).

11

not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1). *See McGore*, 114 F.3d at 610-11.

    A judgment consistent with this opinion will be entered.


Dated:   October 20, 2025                            /s/ Ray Kent
                                                                      Ray Kent
                                                                      United States Magistrate Judge